**Gloria MENDOZA, et al., Plaintiffs,**

v.

**Barbara B. BLUM, et al., Defendants.**

**No. 74 Civ. 4994 (KTD).**

United States District Court,
S.D. New York.

March 7, 1983.

Puerto Rican Legal Defense & Educ. Fund, Inc., New York City (Cesar A. Perales, Robert L. Becker, New York City, of counsel), Community Action for Legal Services, New York City (Timothy Casey, New York City, of counsel), Brooklyn Legal Services, Brooklyn, N.Y. (John C. Gray, Jr., Gretchen Sprague, Brooklyn, N.Y., of counsel), and The Legal Aid Soc., New York City (Kalman Finkel, Arthur Fried, New York City, of counsel), for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for City defendant; Norma Kerlin, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the Secretary of Health and Human Services; Gaines Gwathmey, III, Asst. U.S. Atty., New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs move herein for an award of attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b). For the reasons that follow, plaintiffs' motion is granted.

## I.

### PROCEDURAL HISTORY

On November 14, 1974, plaintiffs, on behalf of all limited English-speaking Hispanic persons, instituted suit in this court alleging that defendants' failure to provide or require sufficient bilingual services in the administration of the City's public assistance programs violated their rights under the Constitution, Title VI of the Civil Rights Act of 1964, and the Social Security Act. In 1975, the City, State, and Federal defendants moved to dismiss the complaint. The City and State defendants contended that plaintiffs failed to state a claim under Title VI upon which relief could be granted. The Federal defendant asserted that plaintiffs should be required to exhaust administrative remedies before resorting to a judicial forum.[1] I denied these motions on January 7, 1976. *See Mendoza v. Lavine,* 412

---

1. Plaintiffs had filed an administrative complaint with the Department of Health, Education, and Welfare ("HEW") approximately fourteen months before the institution of the instant civil suit.

F.Supp. 1105, 1110 (S.D.N.Y.1976). I directed the administrative investigation to continue while I retained jurisdiction over the defendants and permitted plaintiffs to proceed with their pre-trial preparation. *Id.* 1109.

Subsequently, the Federal defendant, pursuing the administrative complaint, found the City and State to be in violation of Title VI of the Civil Rights Act of 1964 for having failed to provide adequate bilingual services in federally funded public assistance programs. Negotiations ensued between the City, State, and Federal defendants in an effort to achieve voluntary compliance with Title VI. On June 30, 1980, federal government authorities notified the City defendant that the City's plan submitted to resolve the administrative complaint was acceptable. This plan provided for the institution of bilingual services to meet the needs of clients with limited English-speaking ability.

The defendants thereafter moved to dismiss the action for lack of subject matter jurisdiction. I granted these motions on August 3, 1981, dismissing the complaint as to all defendants because no case or controversy existed. *Mendoza v. Blum,* 91 F.R.D. 91, 97 (S.D.N.Y.1981). Defendants filed the judgment ten days later. This gave the plaintiffs until October 13, 1981, to file an appeal in this case.[2] I denied plaintiffs' subsequent motion to be relieved of the court's judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure on March 31, 1982.

## II.

## DISCUSSION

The EAJA, which became effective on October 1, 1981, provides in pertinent part:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States .... The United States shall be liable for such fees ... under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (Supp.1982). Section 1988 provides the statutory basis for an award of reasonable attorneys' fees to a prevailing party seeking to enforce Title VI of the Civil Rights Act of 1964. 28 U.S.C. § 2412(b), thus is applicable to this case.

A. Federal Defendant

The Federal defendant opposes plaintiffs' motion for attorneys' fees on three principal grounds: (1) the United States is sovereignly immune from plaintiffs' claim for attorneys' fees since this case was not "pending" on October 1, 1981, the effective date of the EAJA; (2) the United States is not liable for that portion of attorneys' fees, which in this case is all of the fees, incurred prior to October 1, 1981; and (3) plaintiffs did not "prevail" against the Federal defendant.

(1) Is the federal government sovereignly immune from plaintiffs' claim for attorneys' fees?

The federal government has waived its sovereign immunity from attorneys' fees in those suits "pending" on the effective date of the EAJA. *See* 28 U.S.C. § 2412, commentary at 54 (Supp.1982).

The key issue, therefore, is whether the instant action was "pending" on the effective date. The definition of the term "pending" includes those cases in which the appeal is still pending. *See, e.g., United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). By analogy, cases in which the right to appeal has not yet been exhausted or expired also should be considered pending. *See Knights of the K.K.K. v. East Baton Rouge School Board,* 679 F.2d 64, 67 (5th Cir.1982); *Heydt v. Citizens State Bank,* 668 F.2d 444, 446 (8th Cir.1982); *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 350–51 (D.D.C.1982); *Berman v. Schweiker,* 531 F.Supp. 1149, 1151 (N.D. Ill.1982); *cf. N.Y. State Ass'n for Retarded Children v. Carey,* 544 F.Supp. 330, 335 (E.D.N.Y.1982) (action "pending" although only proceeding before the court was petition to enforce the terms of consent decree).

**2.** Plaintiffs, however, did not choose to file an appeal in this case.

Therefore, the instant suit, in which the right to appeal did not expire until twelve days after the effective date of the Act, was "pending" for purposes of determining statutory coverage.

(2) Is the federal government liable for attorneys' fees incurred prior to October 1, 1981?

Having determined that this suit was "pending" on October 1, 1981, thus making the federal government's waiver of sovereign immunity applicable to this action, I find no barrier to an award of attorneys' fees incurred prior to that date. *See Heydt v. Citizens State Bank, supra; Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 n. 15 (S.D.N.Y.1982); *National Lawyers Guild v. Attorney General,* 94 F.R.D. 616, 620 (S.D. N.Y.1982). This also is consistent with the construction of other attorneys' fees' statutes. *See, e.g., Bradley v. School Bd. of Richmond,* 416 U.S. 696, 710–11, 721, 94 S.Ct. 2006, 2015–16, 2021, 40 L.Ed.2d 476 (1974) (20 U.S.C. § 1617). *Corpus v. Estelle,* 605 F.2d 175, 180 (5th Cir.1979), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980) (42 U.S.C. § 1988).

(3) Were the plaintiffs "prevailing parties"?

■ The legislative history of section 1988 indicates that Congress intended the definition of the term "prevailing party" to be consistent with interpretations previously developed by case law. H.R.Rep. No. 96–1418, 96th Congress, 2d Sess. at 11; S.Rep. No. 96–253, 96th Cong., 1st Sess. at 7–8. For example, this Circuit has held that a formal decision on the merits is not necessary in order for a party to be deemed "prevailing." *See Gagne v. Maher,* 594 F.2d 336 (2d Cir.1979) (settlement is sufficient), *affirmed,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Cleary v. Blum,* 507 F.Supp. 514 (S.D.N.Y.1981) (consent decree is enough). Rather, a plaintiff prevails whenever the relief it seeks is obtained because of the lawsuit. *See Gagne, supra* ("whenever plaintiff's efforts confer benefits on the class, including those obtained through settlement."); *cf. Davis v. Village Park II Realty Co.,* 578 F.2d 461, 464 (2d Cir.1978) ("if she proves that loss of her home could not have been averted except by the institution of legal proceedings, [attorneys'] fees may include compensation for services in connection with the temporary restraining order and the motion for a preliminary injunction.").

The Federal defendant contends that plaintiffs obtained no relief against them as a result of this lawsuit. They assert that the administrative charge, filed prior to the complaint in this action, proceeded in the same manner as it would have had this judicial action never been undertaken. I find the Federal defendant's position unsupported by this case's procedural chronology.

On August 28, 1973, plaintiffs filed a complaint with HEW pursuant to 45 C.F.R. § 80.7(b) of Title VI of the Civil Rights Act of 1964. The regulations promulgated under this statute require that the agency make a prompt investigation of such complaints, 45 C.F.R. § 80.7(cc), attempt a resolution by informal means, 45 C.F.R. § 80.-7(d), and, if informal means fail, undertake formal procedures to achieve compliance, 45 C.F.R. § 80.8.

By November 1974 when this lawsuit was filed, the HEW proceeding was still in the investigative stage. Papers submitted by the federal government in support of their subsequent motion to dismiss indicated a June 30, 1975 deadline for the investigation. 412 F.Supp. at 1107. In denying the motion to dismiss on January 7, 1976, I noted HEW's initial non-compliance finding against the City, the progression to voluntary compliance, followed by a *retreat* from their initial finding and a resumed investigation. Twenty-eight months had by then passed without an investigation having been completed. I therefore retained jurisdiction over the federal defendant and allowed trial preparation to proceed. My January 7th decision made it clear that if HEW did not proceed promptly to comply with its statutory obligations, this case would go to trial. HEW's subsequent finding of non-compliance and achievement of voluntary compliance made that trial unnecessary.

Because this lawsuit encouraged the federal government to comply with the statutory directives requiring enforcement of Title VI, I find that the plaintiffs prevailed in their action against the federal government. *See Robinson v. Kimbrough,* 652 F.2d 458, 465 (5th Cir.1981); *Ross v. Horn,* 598 F.2d 1312 (3d Cir.1979), *cert. denied,* 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980); *Garcia v. St. Margaret's House,* 81 Civ. 5943, slip. op. at 5 (S.D.N.Y. June 30, 1982); *Cleary v. Blum,* 507 F.Supp. 514, 517 (S.D.N.Y.1981). Moreover, the relief obtained by plaintiffs protects the interests of the public at large and furthers a strong congressional policy. *See Newman v. Piggie,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *cf. Torres v. Sachs,* 538 F.2d 10, 12 n. 2 (2d Cir.1976) (bilingual services obtained in suit under Voting Rights Act Amendment of 1975 validated important congressional policy).

**B. City and State Defendants**

 The City and State defendants also are liable for attorneys' fees. Again, defendants' principal argument in opposition to the instant motion is that plaintiffs did not prevail. My discussion in the prior section, however, applies with even greater force here. Should the City and State have prevailed in the federal administrative proceeding, they still faced a lawsuit that presented a strong claim for relief. *See Mendoza v. Lavine,* 412 F.Supp. 1105, 1110 (S.D.N.Y.1976). Finally, defendants have not demonstrated any special circumstances that would render an award of attorneys' fees unjust under *Newman v. Piggie,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).[3]

Accordingly, plaintiffs' motion for an order pursuant to 42 U.S.C. § 1988 awarding attorneys' fees, costs and disbursements against all defendants is granted.

IT IS SO ORDERED.

---

3. Plaintiff Robles' failure to appear for deposition does not justify dismissal of plaintiffs' motion for attorneys' fees: (1) Robles' failure to appear was not "willful" but was due to his physical inability to attend; and (2) defendant has not demonstrated that Robles' absence created a special circumstance rendering the award of attorneys' fees unjust. Furthermore, Robles' absence does not justify decertification of the class. Since the sole issue before this court is entitlement to attorneys' fees, Robles' absence has not been shown to have had a negative affect on the disposition of this issue or the interests of the class.