## EMIL H. DOYON ET AL. *v.* TOWN OF SOUTH WINDSOR
### (2361)

TESTO, HULL and BORDEN, Js.

Argued November 30, 1983—decision released March 20, 1984

*Robert W. Gordon,* for the appellants (plaintiffs Wayne M. and Pamela F. Stone).

*Richard M. Rittenband,* with whom, on the brief, was *Wayne C. Gerlt,* for the appellee (defendant).

TESTO, J. The plaintiffs Pamela and Wayne Stone appeal[1] from a judgment rendered for the defendant upon the granting of the defendant's motion to strike the complaint. Those plaintiffs and others[2] brought this action to enjoin the defendant from implementing a

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The four other plaintiffs are not appealing from the judgment.

flood and erosion control project which would result in the taking of their properties. On July 6, 1981, the defendant's town council voted to acquire the plaintiffs' property pursuant to General Statutes § 25-86[3] as part of phase II of the Avery Brook Watershed Protection and Flood Prevention Project. In an attempt to comply with General Statutes § 25-84,[4] the town council designated itself by resolution as the municipal flood and erosion control board.[5]

A hearing on the injunction was scheduled for September 8, 1981. It was the plaintiffs' position that the defendant lacked the authority to take their land by way of eminent domain for purposes of flood control[6] without first having adopted and implemented the enabling legislation as required by statute. See General Statutes § 25-84 et seq. At the hearing, the defendant moved to strike the complaint arguing that the town council is permitted to act as a condemnation board pursuant to § 25-84. The motion to strike was granted. The trial court determined that the taking of the plaintiffs' property was authorized by statute by reason of the town's general authority provided in the Home Rule Act; General Statutes § 7-194;[7] and did not

---

[3] General Statutes § 25-86 provides in relevant part: "Such [flood and erosion control] board is authorized to enter upon and to take and hold, by purchase, condemnation or otherwise, any real property or interest therein which it determines is necessary for use in connection with the flood or erosion control system."

[4] General Statutes § 25-84 provides in relevant part: "(a) Any municipality may, by vote of its legislative body, adopt the provisions of this section and sections 25-85 to 25-94, inclusive, and exercise through a flood and erosion control board the powers granted thereunder."

[5] This fact was not revealed to the court until the plaintiffs filed a motion to reargue.

[6] In essence, the complaint alleged that the condemnation proceedings were illegal because the defendant failed to establish, by ordinance as required in § 25-84, an independent flood and erosion control board.

[7] General Statutes § 7-194 states that: "Subject to the provisions of § 7-192, all towns, cities or boroughs which have a charter or which adopt or amend a charter under the provisions of this chapter shall have the fol-

require the necessity of the appointment of an independent flood and erosion control board.

Subsequently, the plaintiffs moved to reargue.[8] The trial court in denying the motion stated that the town council had acted at all times during the condemnation proceedings as the flood and erosion control board and that the taking of the plaintiffs' property and the project had been completed. From a judgment rendered in favor of the defendant, this appeal follows.[9]

The threshold issue to be determined is whether this appeal should be dismissed as moot. " 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow'. . . . In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented

lowing specific powers in addition to all powers granted to towns, cities and boroughs under the constitution and general statutes: To manage, regulate and control the finances and property, real and personal, of the town, city or borough and to regulate and provide for the sale, conveyance, transfer and release of town, city or borough property and to provide for the execution of contracts and evidences of indebtedness issued by the town, city or borough."

[8] Subsequent to the granting of the motion to strike and plaintiffs' moving to reargue, the defendant discovered that in 1973 a resolution was passed by the town council designating it as the flood and erosion control board. The trial court held that this reinforced the court's previous position that the town council had acted within the scope of its authority in the condemnation proceedings. It is the plaintiffs' claim, however, that the town council had made no provisions to enact an ordinance to determine the method of selection and terms of office of the members of the flood and erosion control board as required by § 25-84 of the General Statutes.

[9] The appeal of the plaintiffs Wayne and Pamela Stone from the compensation awards; *Stone* v. *South Windsor,* Superior Court, judicial district of Hartford-New Britain at Hartford, No. 267772; is currently pending.

is purely academic, we must refuse to entertain the appeal." (Citations omitted.) *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 249–50, 440 A.2d 310 (1982), quoting *CEUI* v. *CSEA,* 183 Conn. 235, 246–47, 439 A.2d 321 (1981); see *Delevieleuse* v. *Manson,* 184 Conn. 434, 436–37, 439 A.2d 1055 (1981); *Groesbeck* v. *Sotire,* 1 Conn. App. 66, 68, 467 A.2d 1245 (1983).

In the present case, the plaintiffs sought in their prayer for relief: "(1) A Temporary and permanent injunction prohibiting and restraining the Defendant from: (a) Taking any interest from any one of the properties of the Plaintiffs as proposed by the Defendant; [and] (b) Entering upon the property of any one of the Plaintiffs for the purpose of taking any action as proposed by the Defendant for the purpose of the 'Avery Brook Watershed Protection and Flood Prevention Project.' " In 1982, the taking of the plaintiffs' property was completed and the drainage system was put in place.

The Stones admit in their brief that given the present circumstances of this case, the relief originally sought can no longer be granted. They maintain, however, that the trial court still has jurisdiction to award damages in an amount beyond that sought in their condemnation appeal.[10] Even if we were to remand this case, the only relief that could be granted is the injunctive relief requested since the prayer for relief does not contain a request for damages. A decision on the merits of the case would not result in any actual or practical relief to the parties, since the situation that existed at the commencement of this action no longer exists.

The appeal is dismissed as moot.

In this opinion the other judges concurred.

---

[10] See footnote 9, supra.