**Gloria MENDOZA, et al., Plaintiffs,**

v.

**Barbara B. BLUM, et al., Defendants.**

**No. 74 Civ. 4994 (KTD).**

United States District Court,
S.D. New York.

Jan. 14, 1985.

Jorge L. Batista, Robert L. Becker, Puerto Rican Legal Defense & Educ. Fund, Inc., Louise Gans, Community Action for Legal Services, New York City, John C. Gray, Jr., Brooklyn Legal Services Corp. B, Brooklyn, N.Y., Norman Siegel, MFY Legal Services Inc., New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for city defendant; Norma Kerlin, Asst. Corp. Counsel, New York City, of counsel.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for state defendant; Robert A. Forte, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, Mendoza *et al.*, move pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and the Equal Access to Justice Act, 28 U.S.C. § 2412(b), for an order entitling plaintiffs to attorneys' fees in the amount of $156,-375.00. Since the filing of plaintiffs' motion, the federal government and plaintiffs have agreed, by Stipulation and Order dated November 20, 1984, to settle plaintiffs' claim for attorneys' fees in the amount of $11,000.00. Plaintiffs' motion as to the State and City defendants, however, must still be decided.

This is a class action that was commenced in 1974 against Federal, State, and City defendants to prevent the alleged deprivation of certain constitutional rights to welfare recipients and applicants. In their complaint, plaintiffs, who are individuals of Hispanic origin, alleged that the failure to provide sufficient bilingual personnel and forms violates the Equal Protection and Due Process clauses of the Constitution, Title VI of the Civil Rights Act of 1964, the Social Security Act, and the regulations of the Department of Health, Education and Welfare. For the factual and procedural background of this case, see *Mendoza v. Lavine,* 412 F.Supp. 1105 (S.D.N.Y.1976)

(denying defendants' motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted); *Mendoza v. Blum,* 91 F.R.D. 91 (S.D.N.Y.1981) (dismissing action because no case or controversy existed); *Mendoza v. Blum,* 560 F.Supp. 284 (S.D.N.Y.1983) (granting plaintiffs' motion for attorneys' fees). Familiarity with the above is presumed.

In granting plaintiffs' motion for attorneys' fees, I stated that "[b]ecause this lawsuit encouraged the federal government to comply with the statutory directives requiring enforcement of Title VI, I find that the plaintiffs prevailed in their action against the federal government." *Mendoza v. Blum,* 560 F.Supp. at 288. With respect to the City and State defendants, I found that they are also liable for attorneys' fees reasoning that "[s]hould the City and State have prevailed in the federal administrative proceedings, they still faced a lawsuit that presented a strong claim for relief." *Id.*

The City of New York objects to plaintiffs' claim for attorneys' fees on several grounds in which the State of New York joins. The City argues first that the efforts of plaintiffs' attorneys did not produce beneficial results and, therefore, plaintiffs are not "prevailing parties." Any suggestion that plaintiffs are not "prevailing parties" is rejected as frivolous. In the 1983 decision, I held specifically that plaintiffs are prevailing parties.

■ Defendants argue that plaintiffs' claim for attorneys' fees should be disallowed on the ground of laches. They assert that the delay in applying for attorneys' fees—whether the delay is four years from the settlement agreement or fifteen months from my March 1983 decision allowing such attorneys' fees—is unreasonable. Furthermore, defendants argue that the delay was prejudicial due to the unavailability of witnesses and the fading of the memories of relevant individuals. I find no merit to defendants' contentions. First, if plaintiffs are guilty of any delay, it would be the delay since my March 1983

decision. Any objection to the passage of an earlier period of time should have been raised in connection with the original motion for attorneys' fees. With respect to the fifteen-month delay, I do not find it unreasonable. The documentation submitted by plaintiffs in connection with the instant motion is voluminous and encompasses a case history of about a decade.

■ The remaining objections raised by defendants principally concern the reasonableness of the claimed hourly rates and the amount of hours expended. Reasonable attorneys' fees are determined by multiplying the number of reasonably expended hours by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974). Furthermore, awards of reasonable attorneys' fees under section 1988 are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson,* — U.S. —, — – —, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891, 899–900 (1984).

Plaintiffs have divided their attorneys' fees claim into two periods of time—1973 through 1977 and 1978 through the present. The hourly rate claimed for each attorney during the two periods is as follows:

*1973—1977*

| | |
|---|---|
| John C. Gray, Jr. | $125.00 |
| Michael A. O'Connor | $125.00 |
| Richard Hiller | $125.00 |
| Joan E. Bertin | $ 80.00 |
| Paul McAloon | $ 80.00 |

*1978—1984*

| | |
|---|---|
| John C. Gray, Jr. | $150.00 |
| Michael A. O'Connor | $150.00 |
| Robert L. Becker | $150.00 |
| Anne Hayes | $ 95.00 |
| Idelisse Malave | $ 95.00 |

■ As plaintiffs correctly note, because public interest attorneys cannot use the fees they charge generally as evidence of

the market value of their services, they must utilize other comparisons. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1329 (D.C.Cir.1982) (utilization of recent fee awards "by courts or through settlement to attorneys of comparable reputation and experience performing similar work."). After a thorough review of the affidavits of Robert L. Becker, Michael A. O'Connor and John C. Gray, Jr., as well as the resumes of the attorneys for whom attorneys' fees are claimed, I conclude that the hourly rates are reasonable. At the time that this action was commenced, Gray, O'Connor, Hiller, and Becker had several years experience in the civil rights litigation field.

As support for the suggested hourly rates plaintiffs note that in *Blum v. Stenson*, hourly rates of between $95.00 and $105.00 were found reasonable for work performed between 1978 and 1980 by attorneys who at the commencement of the action had approximately one and one-half years of experience. *See* —— U.S. at —— n. 4, 104 S.Ct. at 1544 n. 4. 79 L.Ed.2d at 897 n. 4. In addition to various affidavits and citations to other cases in which comparable rates were utilized, plaintiffs have pointed to surveys appearing in legal periodicals. For example, plaintiffs submit the 1983 American Lawyer Guide to Leading Law Firms and the 1984 National Law Journal surveys to support their claimed rates. Furthermore, the hourly rates utilized in other cases with respect to the work performed by these particular attorneys, specifically Mr. Becker, is relevant and supportive of plaintiffs' claim.

The City and State defendants, asserting that the hourly rates claimed by plaintiffs are excessive, point to retainer agreements between the City and large law firms as evidence of lower reasonable rates. It is apparent, however, that such firms are not charging New York City prevailing market rates. In *toto,* I find that plaintiffs have sustained their burden of producing specific evidence of a community rate for the work of attorneys with comparable experience and education in cases of this nature. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d at 1324–27. Thus, the work performed by Gray, O'Connor, Hiller and Becker is properly compensable at rates of between $125.00 and $150.00 per hour. Further, I find that the hourly rate suggested for the work of Bertin, McAloon, Hayes, and Malave is supported by specific evidence of comparable community rates.

I turn to defendants' objection to the number of hours claimed by plaintiffs. Plaintiffs seek compensation for the following number of hours for each attorney:

*1973—1977*

| | |
|---|---|
| John C. Gray, Jr. | 153.75 |
| Michael A. O'Connor | 357.50 |
| Richard Hiller | 128.25 |
| Joan E. Bertin | 240.00 |
| Paul McAloon | 15.00 |

*1978—1984*

| | |
|---|---|
| John C. Gray, Jr. | 52.50 |
| Michael A. O'Connor | 65.75 |
| Robert L. Becker | 220.50 |
| Anne Hayes | 17.00 |
| Idelisse Malave | 38.00 |

Plaintiffs have submitted a substantial amount of documentation prepared in an effort to accurately reconstruct the time spent on this matter. Contemporaneous time records were not maintained because, at the time that the work was performed, attorneys' fees were not recoverable. The affidavits and time sheets, with one exception, have been prepared based on diaries, documents, and case files. The number of hours attributed to the work performed by Ms. Bertin is an estimate based on her personal recollection. Upon a review of all of plaintiffs' submissions, I conclude that the hours claimed by plaintiffs are adequately documented and reasonable and, therefore, are compensable.

Liability for the fees generated by the work performed by plaintiffs' counsel will be apportioned according to the relative culpability of defendants and not, as defendants suggest, according to which defendant the work pertained to at the time.

*See Jose P. v. Ambach,* 669 F.2d 865, 871 (2d Cir.1982) (the District Court Judge's decision to "apportion fees according to relative culpability was within his discretion. ... [C]ulpability turned on an estimate not of factual but of legal responsibility."). Plaintiffs suggest that the City is 80 percent culpable, the State is 10 percent culpable, and the United States is 10 percent culpable. I agree with plaintiffs' assessment. Defendants do not dispute such apportionment but instead assert, as I have already stated, that the apportionment should be made according to the defendant with respect to whom the work was performed.

In my Opinion and Order denying defendants' motions to dismiss, I reviewed at length the operation of the public assistance programs and the relationship between the defendants. *Mendoza v. Lavine,* 412 F.Supp. at 1107. I will not repeat that analysis except to note that it is clear that the City defendant is the line agency with primary responsibility for administering the programs. Thus, the relief sought by plaintiffs—the printing of forms in Spanish and English and the hiring of bilingual staff—had to be performed ultimately by the City. The State and Federal agencies perform supervisory and financial roles in connection with the programs. *See* N.Y.Soc.Serv.Law §§ 17(a), 20(3)(a)(e) (McKinney's 1983); 42 U.S.C. §§ 601, 602. Consequently, I conclude that the primary responsibility for attorneys' fees lies with the City.

Accordingly, plaintiffs' motion for attorneys' fees is granted. However, because plaintiffs have settled with the federal government for $11,000.00, the claimed amount of fees must be reduced to reflect the settlement. Thus, the amount of $156,-375.00 is reduced by 10 percent and plaintiffs may recover $125,100.00 from the City and $15,637.50 from the State. Plaintiffs are ordered to submit judgments within ten (10) days of the filing of this decision.

SO ORDERED.