[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 28, 1991, the plaintiff-appellant, Jeffrey CT Page 8506 Hollenbeck, filed this administrative appeal pursuant to General Statutes 4-183, seeking review of a decision rendered by the defendant, the Commissioner of Agriculture ("Commissioner"), affirming an order of the co-defendant, Lester Ponak, Doy Warden of the Town of East Haven. The plaintiff alleges that on August 22, 1990, the co-defendant Ponak issued "disposal orders" for the plaintiff's dogs, "Midnight Sun"[1] and "Amber Star," pursuant to General Statutes 22-358. The plaintiff further alleges that on August 30, 1991, the defendant Commissioner affirmed the disposal orders and thereafter, on October 1, 1991, denied the plaintiff's request for reconsideration of the decision. The plaintiff appeals, contending that the decision of the Commissioner was "illegal, arbitrary, and capricious," and that the decision violates the plaintiff's constitutional right to due process under the law.
Defendant Commissioner filed a motion to dismiss and supporting memorandum contending that the plaintiff's appeal has been rendered moot by the recent death of Amber Star. The defendant argues that an actual controversy has ceased to exist and the court is therefore unable to provide any practical relief to the plaintiff. On May 12, 1992, the plaintiff filed a memorandum of law in opposition to the defendant's motion, asserting that General Statutes 4-183 (j)-(l), 4-184a(b) entitle the plaintiff to pursue practical collateral relief in the form of "costs" and "declaratory relief." The plaintiff contends therefore, that the appeal is not moot, for if the appeal is sustained the plaintiff will be entitled to specific forms of relief which he would otherwise not receive.
A motion to dismiss challenges the subject matter jurisdiction of the court. Gurliacci v. Mayer, 218 Conn. 531,542-43, 590 A.2d 914 (1991). A court lacks jurisdiction over the subject matter "only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180554 A.2d 728 (1989). Where an appeal has been rendered moot by changed circumstances under which the court can no longer provide practical relief, the court lacks subject matter jurisdiction to entertain the appeal. Hallas v. Windsor, 212 Conn. 338, 347,562 A.2d 499 (1989); Hartford Principals' Supervisors' Assn. v Shedd, 202 Conn. 492, 496-98, 522 A.2d 264 (1987) (moot appeal requires dismissal).
Defendant Commissioner argues that the death of the plaintiff's dog, Amber, renders this appeal moot, because no practical relief can be granted where the interest being appealed no longer exists. The plaintiff contends, however, that where collateral legal consequences flow from an agency decision, an appeal of that decision may be pursued even if the interest that formed the basis for appeal has been extinguished or rendered CT Page 8507 moot. In particular, the plaintiff points out that his prayer for relief on appeal asks this court to provide not only injunctive relief with respect to the dogs, but further, seeks relief in the form of "costs" and "such other and further relief" as the court may deem appropriate. Thus, the plaintiff argues that although the claim for final orders to protect the dogs has been rendered moot, he remains entitled to pursue his claims under General Statutes 4-183 (j), (k), (l) and 4-184a(b) for attorneys' fees, costs, and orders directing the Commissioner to "operate his Canine Control Division in accordance with the constitution and laws of the state."
It is axiomatic that "no appeal can be decided on its merits in the absence of an actual controversy for which judicial relief can be granted." Moshier v. Goodman, 217 Conn. 303, 306,586 A.2d 557 (1991). Thus, "`when, pending an appeal . . ., and without any fault of the defendant, an event occurs which renders it impossible for this court . . . to grant [the plaintiff] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'" Unisys Corp. v. Dept. of Labor, 220 Conn. 689, 697, 600 A.2d 1019 (1991), quoting Hartford Principals' Supervisor's Assn. v. Shedd, supra, 497-98. This refusal to entertain moot cases derives from the long standing principle that "`[c]ourts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law.'" Hallas v. Windsor, supra.
The question of mootness in any given proceeding depends upon not merely the nature of the underlying controversy, but also, the power of the court to grant the particular relief requested. See, e.g., Condon v. Bowen, 853 F.2d 66, 68-69 n. 1 (2d Cir. 1988) (statutory provision entitling claimant to reimbursement for attorneys' fees protects action from mootness challenge); Davis v. Village Park II Realty Co., 578 F.2d 461, 463
(2d Cir. 1978) (where claims for injunctive and declaratory relief have been rendered moot, "the availability of either nominal or substantial damages [in a civil rights action] is sufficient to prevent [the] case from becoming moot"); Unisys Corp. v. Dept. of Labor, supra, 697 n. 6 (where prayer for relief combines injunctive relief with request for "such other and further relief as is just and proper," appeal under General Statutes 4a-65 is not moot); Cummings v. Tripp, 204 Conn. 67, 75-75, 78-79, 526 A.2d 1336
(1987) (discussing exceptional availability of injunctive relief when plaintiff fails to exhaust administrative remedies); Doyon v. South Windsor, 1 Conn. App. 417, 420, 472 A.2d 361 (1984) (where relief requested on appeal does not contain a request for damages, court is limited to providing injunctive relief in condemnation proceeding).
CT Page 8508 Thus, the question to be determined is "what, if any, practical relief could follow from a determination of the plaintiff's appeal or what relief could be granted by this court." Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 452,352 A.2d 291 (1974). The plaintiff maintains that his statutory right to seek attorneys' fees and costs pursuant to General Statutes4-184a(b), coupled with the provisions of General Statutes4-183 (j)(k) and (1), allowing other affirmative relief, defeats the defendant's claim of mootness.
General Statutes 4-183 (j)(k) and (l) provide:
 (j) . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced. . . If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section, or remand the case. . . .
 (k) If a particular agency action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the agency decision, orders the particular agency action to take such action as may be necessary to effect the particular action.
 (1) In all appeals under this section, costs may be taxed in favor of the prevailing party in the same manner, and to the same extent, that costs are allowed in judgments rendered by the superior court. No costs shall be taxed against the state, except as provided in section 4-184a. (Emphasis added.)
General Statutes 4-184a(b) provides:
 . . . the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification. (Emphasis added.)
The defendant argues that the plaintiff's right to seek affirmative relief under General Statutes 4-183 (k) does not empower this court to order the defendant to take specific remedial actions. In support of this argument, the defendant cites a line of cases that were decided before the applicable CT Page 8509 version of General Statutes 4-183 was enacted. (See Defendant's Post-Argument Memorandum dated June 2, 1991, pp. 1-2, citing the following cases: CNG Corp. v. PUC Authority, 183 Conn. 128, 136,439 A.2d 282 (1981); Logue v. Zoning Board of Appeals, 165 Conn. 749,754, 345 A.2d 9 (1974); Watson v. Howard, 138 Conn. 464, 470,86 A.2d 67 (1952); Plastics Distributors, Inc. v. Burns, 5 Conn. App. 219,494 A.2d 1005 (1985)). Since General Statutes 4-183 (k) did not exist in the pre-1989 version of the Uniform Administrative Procedure Act (UAPA), the cases cited by the defendant are inapplicable to the claims for relief raised in this appeal.
The Connecticut Appellate Court recently acknowledged this court's power under General Statutes 4-183 (k) to enter orders that direct agencies to take specific remedial action. See Dragan v. Connecticut Medical Examining Board, 24 Conn. App. 662, 669
n. 5, 591 A.2d 150 (1991). In Dragan, supra, the court voiced the principle alluded to by the defendant in this case, namely, that "ordering the implementation of specific corrective remedies [under General Statutes 4-183] encroache[s] on the administrative function of the government." Id., 669. The court went on, however, to limit the application of this presumption to appeals governed by pre-1989 laws, noting that the 1989 enactment of 4-183
(k) "would allow such an order." Id., n. 5.
The larger question remains, even in the event that specific remedial orders may be granted to the plaintiff, whether the plaintiff will be provided any practical relief as a result. See Unisys Corp. v. Dept. of Labor, supra 697; Shays v. Local Grievance Commission, 197 Conn. 566, 570-71, 499 A.2d 1158 (1985) (where plaintiff has served the sentence he appeals, court car provide no practical relief by determining merits). Even if this court sustained the appeal and granted the order of compliance which the plaintiff requests, the plaintiff has demonstrated no legally protected interest that will be affected by future agency conduct. Therefore, a question exists concerning the plaintiff's standing to pursue the relief he claims. See Rose v. Freedom of Information Commission, 221 Conn. 217, 223-24, ___ A.2d ___ (1992) (standing means that "[o]ne cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy"); Munhall v. Inland Wetlands Commission, 221 Conn. 46,55-56, ___ A.2d ___ (1992).
The plaintiff argues that since the death of Amber Star, he acquired a new dog and that he is therefore within "the class of all similarly situated dog-owners" who may potentially be affected by agency action pursuant to the dog-bite statute, General Statutes 22-358. The plaintiff therefore contends that his claim CT Page 8510 is one that is "capable of repetition, yet evading review." See Sosna v. Iowa, 419 U.S. 393, 397-403, 95 S.Ct. 553, 42 L.Ed.2d 531
(1975) (defining "capable of repetition, yet evading review" doctrine in the context of class actions). However, an allegation of mere potential harm based upon speculative conditions which may or may not occur in the future does not render an otherwise moot action valid. See Patterson v. Council on Probate Judicial Conduct, 215 Conn. 553, 562, 577 A.2d 701 (1990) (an otherwise moot claim is "capable of repetition, yet evading review," only if the plaintiff can establish a "likelihood that [the plaintiff himself] will again be subject to a similar proceeding in which the same issues will be presented"); Hartford Principals' 
Supervisors' Assn. v. Shedd, supra, (to escape mootness the plaintiff must establish that "there was reasonable expectation that the same complaining party would be subjected to the same action again").
In the instant dispute, the plaintiff admits that he does not presently own a dog. He argues, rather, that he intends to purchase one in the future, and that this contingency places him on the same ground as all other dog owners who have a right to be protected from unconstitutional deprivation of their property. However, the mere possibility, or even a certainty, of future ownership does not mitigate the larger speculative assumptions upon which the plaintiff's claim for orders depends. Orders issued by this court declaring the defendant's action unconstitutional and directing the defendant to take corrective action to avoid unconstitutional effects in the future can offer no practical relief to this particular plaintiff unless the court assumes: (1) that the plaintiff's new dog will bite someone, (2) that the local dog warden will determine the plaintiff's dog to be a "biting dog" suitable for impoundment and/or disposal pursuant to General Statutes 29-358, and (3) the plaintiff will face the same due process violations that he allegedly suffered in this case.
It is the opinion of this court that such speculative possibilities cannot create legal interests where none would otherwise exist. See Lewin v. United States Surgical Corp.,22 Conn. App. 629, 632, 575 A.2d 262 (1990) (where plaintiffs appealing a declaratory judgment raised claims of aggrievement strikingly similar to those asserted in the present case, the court deemed them "speculative fears" incapable of supporting a "specific, personal, and legal interest" in the dispute).
Furthermore, since the plaintiff's claim for orders will offer no practical relief for the harms allegedly suffered in this case, the plaintiff has not demonstrated a likelihood that he will again be subject to similar harms in a similar proceeding, the claim for orders is moot. CT Page 8511
The plaintiff offers an alternative claim for relief, however, contending that General Statutes 4-184a(b) entitles him to attorneys' fees and expenses. A party appealing pursuant to General Statutes 4-183 is entitled to claim "reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." General Statutes 4-183a(b); Doe v. State,216 Conn. 85, 107-08, 579 A.2d 37 (1990). See also Beechwood Gardens Tenant's Assn. v. Dept. of Housing, 214 Conn. 505, 509 n. 4,572 A.2d 989 (1990) (where court acknowledges right to pursue claim for counsel fees under General Statutes 4-184a). The defendant contends, however, that the mere right to claim such costs does not deter dismissal of an otherwise moot appeal.
While research reveals that no Connecticut Appellate court has yet addressed the issue of whether a right to attorneys' fees precludes dismissal of an otherwise moot claim, the United States Supreme Court has consistently held that where the only remaining issue in a case concerns the plaintiff's right to costs, the case will be deemed moot. Bank of Marin v. England, 385 U.S. 99, 101
(1966) (dissenting opinion); Heitmuller v. States, 256 U.S. 359,362 (1920). The Supreme Court has differentiated, however, between a right to "costs" and a claim for "damages," holding that where an action is moot in all other respects, a plaintiff may pursue a claim for damages that arose as a result of the underlying controversy. See Powell v. McCormack, 395 U.S. 486,498 (1968) (although plaintiff's action in mandamus seeking appointment was moot, plaintiff is entitled to pursue merits of action since "plaintiff has not been paid his salary by virtue of an allegedly unconstitutional House resolution"); Cary v. Piphus,435 U.S. 247, 266 (1978) (where plaintiff is entitled to only nominal damages, plaintiff may pursue claim); accord, Orozco By Arroyo v. Sobel, 703 F. Sup. 1113, 1117 (S.D.N.Y. 1989).
In the present case the plaintiff does not seek damages, but rather, asserts a right to costs and attorneys' fees pursuant to General Statutes 4-184a(b). Neither the Connecticut courts nor the Supreme Court has addressed the question of whether the availability of attorneys' fees affect mootness. However, federal cases have held that the Supreme Court rule governing costs enunciated in Heitmuller, supra, applies equally to attorneys' fees, and therefore, an action remains moot despite the potential award of attorneys' fees. See Goldberg v. Taylor Wine Co.,499 F. Sup. 468, 470 (E.D.N.Y. 1980) ("the mere possibility of recovering attorneys' fees will not prevent an action from being rendered moot"); Flesch v. Eastern Pennsylvania Psychiatric Inst.,472 F. Sup. 798, 801 (E.D.Pa. 1979) ("litigant's desire to obtain a fee award at the conclusion of a case cannot keep the case in federal court after it has become moot in all other CT Page 8512 respects"). One court has justified this rule on the ground that "[a]ny other rule would largely nullify the mootness doctrine with respect to cases brought under the myriad federal statutes that authorize fee awards." Id.
Although the Court of Appeals for the Second Circuit had recently held that the potential receipt of attorneys' awards under 206 (b)(1) of the Social Security Act does render an otherwise moot action justiciable, Condon v. Bowen, 853 F.2d 66,68-69 n. 1 (2d cir. 1988), Condon does not analyze the legal rationale supporting its conclusion and in the absence of any other case law confirming this rulings, the better view is that attorneys' fees do not affect an otherwise moot action.
The foregoing authorities and analyses compel this court to conclude that the request for attorneys' fees and costs cannot revive this moot action.[2]
Accordingly, plaintiff's appeal is dismissed.
Clarance J. Jones, Judge
ACKNOWLEDGEMENT
This court acknowledges the fine legal work of Law Clerk Kimberly MacAdams relative to this case.