[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is brought by the plaintiffs seeking relief from a decision of the Branford Planning and Zoning Commission granting site plan approval to Gregory Waterbury, Indian Neck Brewing Co., Inc., and Collins and Freeman, Inc. for the operation of a restaurant and micro-brewery at 1094 Main Street, Branford, Connecticut. The plaintiffs own property which abuts 1094 Main Street, Branford. For the reasons stated hereinafter the appeal is dismissed as moot.
This appeal is filed by abutting property owners from the grant of a site plan approval by the Branford Planning Zoning Commission (the "Commission") for the uses described above. While this appeal was pending the applicants re-applied to the Commission for a special exception for a parking area exemption (and site plan approval, which accompanies it pursuant to the Commission Regulations). The contemplated uses under that application are identical to the contemplated use here. CT Page 233
A public hearing was held on the subsequent application and the Commission voted to approve it. An appeal was taken by these plaintiffs, and others, from that decision. That appeal, EstherFleischman v. Planning Zoning Commission, CV96 38 97 36, Judicial District of New Haven at New Haven, has been heard and decided. By judgment of the court, the appeal was dismissed. The practical effect of that is that the defendant applicants (here and in that appeal) have approval from the Branford Planning 
Zoning Commission to operate a microbrewery and restaurant. No practical relief can be afforded to these plaintiffs under this appeal inasmuch as the defendant applicants may proceed to utilize the premises in the manner sought in both applications.
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. (Citations omitted.)" Arnhold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152, 158 (1984).
Further, the court notes that the plaintiffs here, in their prayer for relief, sought not only that the decision of site plan approval "be declared null and void and/or reversed" but, also that "the Court order this matter remanded to the defendant, Branford P Z, to hold a public hearing on this matter as a Special Exception and Site Plan application."
A Special Exception and Site Plan application was subsequently made by the applicants, on which a public hearing was held by the Commission; approval was granted, an appeal was taken by these plaintiffs, and others, and it was denied. "In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law. . . and where the question presented is purely academic, we must refuse to entertain the appeal." (Citations omitted.)Doyon v. South Windsor, 1 Conn. App. 417, 420 (1984).
There is no actual or practical relief claimed in the pending appeal that is available to these plaintiffs.
The appeal is dismissed as moot.
Munro, J. CT Page 234