Gustt BIBB et al., Plaintiffs,

v.

MONTGOMERY COUNTY JAIL OFFICIALS et al., Defendants-Appellees,

The Alabama Board of Corrections and Judson C. Locke, as Commissioner of the Alabama Board of Corrections, Defendants-Appellants.

No. 78–2982.

United States Court of Appeals, Fifth Circuit.

July 21, 1980.

---

suits were brought against both state and county officials in their official capacities and alleged numerous constitutional violations in conditions at the jail. The suits were consolidated below. The parties entered into a consent decree, which, to a large extent, vindicated the plaintiffs' claims. The district court found plaintiffs to be prevailing parties and awarded them attorney's fees under 42 U.S.C. § 1988. However, the fee awarded was taxed against state defendants alone because the district court deemed the state's failure to provide adequate facilities the primary cause of the conditions complained of. It is from this award that the state officials appeal, contending that the court erred in charging plaintiffs' attorney's fees against only the state defendants.[1]

The district court's assessment of the attorney's fees against only the state defendants was premised on an assumption that all of the constitutional violations arose from overcrowding, for which the state is solely responsible. This assumption cannot withstand scrutiny. The inmates' complaints, as well as both the pre-trial order and the consent decree, refer to numerous violations independent of overcrowding, including pervasive racial discrimination, overly restrictive visitation regulations, punishment of inmates without due process and for unconstitutional reasons such as their political beliefs, and an inmate classification system inadequate to protect inmates from one another. While overcrowding may have aggravated some of these violations, the state cannot be held solely responsible for conditions at the jail. The judgment must be reversed and the case remanded to the district court for re-taxation of attorney's fees.

REVERSED and REMANDED.

Harry Young Dempsey, III, Asst. Atty. Gen., Montgomery, Ala., Wm. Scears Barnes, Jr., Alexander City, Ala., for defendants-appellants.

James W. Garrett, Jr., James T. Upchurch, III, Montgomery, Ala., for defendants-appellees.

Before GODBOLD, TJOFLAT and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This case arises out of a series of lawsuits instituted by inmates incarcerated in the Montgomery County [Alabama] Jail. The

1. Appellants also contend that the award under § 1988 was in derogation of the Eleventh Amendment. This argument is wholly without merit. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).