COUNCIL FOR PERIODICAL DISTRIBUTORS ASSOCIATIONS; International Periodical Distributors Association, Inc.; Martin E. McCaffery; Penthouse International, Ltd.; Playboy Enterprises, Inc.; and Newlook International, Ltd., Plaintiffs-Appellees,

v.

James H. EVANS, District Attorney, Fifteenth Judicial Circuit of Alabama, individually and in his official capacity, Defendant-Appellant,

John Wilson, Chief of Police of the City of Montgomery, individually and in his official capacity; Thomas O. Kotouc, individually and in his official capacity; and City of Montgomery, Defendants.

COUNCIL FOR PERIODICAL DISTRIBUTORS ASSOCIATION, et al., Plaintiffs-Appellees,

v.

James H. EVANS, District Attorney, Fifteenth Judicial Circuit of Alabama, individually and in his official capacity; John Wilson, Chief of Police of the City of Montgomery, individually and in his official capacity; Thomas O. Kotouc, individually and in his official capacity; and City of Montgomery, Defendants-Appellants.

Nos. 86–7569, 86–7754.

United States Court of Appeals, Eleventh Circuit.

Sept. 21, 1987.

Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, P.A., Robert C. Brock, Rushton, Stakely, Johnston & Garrett, P.A., and Jo Bernard Brannan, Jr., Montgomery, Ala., for James H. Evans and Thomas O. Kotouc.

Holly L. Wiseman, Markstein, Morris & Liles, Birmingham, Ala., Robert D. Segall, Copeland, Franco, Screws & Gill, P.A.,

Montgomery, Ala., and Burton Joseph, Barsy, Joseph & Lichtenstein, Chicago, Ill., for all plaintiffs/appellees.

Before JOHNSON and CLARK, Circuit Judges, and EATON*, Senior District Judge.

CLARK, Circuit Judge:

The two cases on appeal here arise out of the attempts by a county district attorney in Montgomery, Alabama, to prevent the sale of "adult," or sexually explicit, magazines in his jurisdiction. Case No. 86–7569 is an appeal by James Evans, the District Attorney for Montgomery County, and Thomas Kotouc, a Special Assistant District Attorney, challenging the district court's injunction against their intimidation and prosecution of local magazine retailers. Case No. 86–7754 is an appeal by the City of Montgomery and its police chief challenging the award of attorney's fees under 42 U.S.C. § 1988 to the plaintiffs/appellees. For the reasons that follow, we affirm the district court's injunction in 86–7569, and we vacate and remand the award of attorney's fees in 86–7754.

The facts are fully detailed in the district court's opinion. *See Council for Periodical Distributors Association v. Evans*, 642 F.Supp. 552 (M.D.Ala.1986). The primary issues on appeal involve the district court's decision that the defendants/appellants were imposing an unconstitutional prior restraint on the sale of the magazines at issue here. After having carefully considered the briefs and record on appeal, we agree with the findings and conclusions of the district court. That court's opinion is thorough and well-reasoned, and we see nothing that we should add to its discussion of the merits of the substantive issues. We thus affirm the district court's disposi-

tion of the standing, prior restraint, and *Younger v. Harris* issues.

Three months after the district court imposed the injunction affirmed above, it entered an order awarding § 1988 attorney's fees against all of the defendants. Evans and Kotouc, who have appealed the underlying judgment of the district court, have not on appeal actively challenged the award of attorney's fees. The City of Montgomery and its police chief, John Wilson, have appealed the award, arguing that while the award may be appropriate against Evans and Kotouc, the City and its police chief should not be responsible for the fees because they played such a minor role in the prior restraint challenged below.

To resolve this claim, a very brief summary of the facts is necessary. In 1985, Montgomery County District Attorney Evans decided to form a "task force" to block the sale of allegedly obscene magazines in his jurisdiction, which includes the City of Montgomery. Evans sought and received permission from the Montgomery County Commission to hire a Special Prosecutor; Evans hired Kotouc. Evans also contacted Charles Swindall, John Wilson's predecessor as Police Chief of the City of Montgomery. At Evans' request, Swindall assigned a city police officer, Corporal Brock, to join Evans' task force. Members of the task force, including Brock, purchased adult magazines from local shops. Evans then called a meeting of the retailers at which, in simple terms, he threatened prosecution if the retailers continued to sell the adult magazines. *See* 642 F.Supp. at 555. The city police officer, Brock, was present at this meeting. After a second meeting, the underlying lawsuit in this appeal was brought by the magazine publishers and distributors. In retaliation for the lawsuit, District Attorney Evans took further steps toward criminal indictments. The district court then enjoined both the prior restraint on the sale of magazines and the retali-

---

* Honorable Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

atory prosecutions. That court later imposed attorney's fees against all defendants. On appeal, the City and its police chief argue that they were only minor players in the prior restraint, and that they had nothing to do with the retaliatory actions. Thus, they argue, they should not be responsible for any attorney's fees. In the alternative, if they are held responsible for attorney's fees, they argue that liability for the fees should be apportioned between the various defendants according to culpability or the amount of time spent by the plaintiffs in building their case against each defendant.

■ We note at the outset that the City and its police chief were appropriate defendants in the plaintiffs' suit to enjoin the prior restraint. A city police officer, assigned by the police chief's predecessor, was a member of the task force and was involved in a great deal of the groundwork in preparation for the illegal prior restraint. The officer, Corporal Brock, is mentioned repeatedly throughout the transcript of the hearings below. He was present at the meetings at which the magazine retailers were intimidated. Thus, it is without question that the district court appropriately included the City and the police chief in its injunction. Thus, even if they were only minor players, they were in fact players in the unconstitutional actions and were correctly enjoined from continuing those actions.

■ Nevertheless, Police Chief Wilson and the City argue that the police officer, Corporal Brock, was on loan to District Attorney Evans, and that Evans controlled Brock's actions and thus should be liable for any attorney's fees arising out of them. While in certain situations this type of "borrowed servant" argument may conceivably succeed in the attorney's fees context, it does not in this case. "The fact that an employer gives general instructions and directions to the employee of another is not sufficient to make the latter a borrowed servant." *Franks v. Associated Air*

*Center, Inc.*, 663 F.2d 583, 587 (5th Cir. 1981) (citation omitted). In this case, the City was aware of the intended work of the task force before it assigned Corporal Brock to it. Upon joining the task force, Corporal Brock did not give up the powers inherent in his position as a policeman, and he was present at the meetings with retailers when District Attorney Evans suggested that the retailers could be arrested immediately on charges of selling obscene material. Ultimately, we cannot disagree with the district court's conclusion that through the assignment of Corporal Brock to the task force, "the city and its [police] chief officially cooperated with and participated in the task force's illegal conduct." Order of October 3, 1986, at 10.

The fact that the city did not control the task force, and may not even have fully condoned the methods used by the task force, does not relieve the city (or its police chief) of liability for attorney's fees. "This Court will not dwell on the [defendants'] objective or subjective knowledge. Their conduct and motive, whether in good or bad faith, are irrelevant for purposes of recovery of attorneys' fees against the [defendants] in their official capacity." *Robinson v. Kimbrough*, 652 F.2d 458, 461 n. 2 (5th Cir.1981) (awarding attorney's fees under § 1988 in jury discrimination case). *See also Holy Spirit Association v. Peterson*, 489 F.Supp. 428, 429 (N.D.Ill.1979) ("[W]e believe that [§ 1988] provides for attorney's fees against the defendants in this case, *in their official capacity,* despite the fact that these defendants have not wilfully denied plaintiffs their constitutional rights.") The case now before the court is not unlike the relatively common cases in which a government official responsible for enforcing an unconstitutional statute is liable for attorney's fees, even where the official took no active steps to enforce the statute. *See Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 739, 100 S.Ct. 1967, 1978, 64 L.Ed.2d 641 (1980) (approving attorney's fees against administrative agency required to enforce rules made by another

body); *In re Kansas Congressional Districts Reapportionment Cases,* 745 F.2d 610, 612 (10th Cir.1984) (approving fees against official, even though official took no action to enforce unconstitutional election plan). In this case, the City and its police chief *did* take an active step in furtherance of the unconstitutional prior restraint. Furthermore, the City and police chief were represented at trial by their own counsel, and did oppose the plaintiffs' efforts. The City and police chief did not, as they could have, either concede at the outset of the litigation that the activity was unconstitutional or agree to refuse to participate in any further intimidation of the plaintiffs. In addition to furthering Congress's goal of encouraging those whose rights are violated to vindicate them, an award of attorney's fees against the City and the police chief in this case will have the effect of encouraging governmental bodies to take care in allowing their employees to participate in potentially unconstitutional activities. A governmental body should not be able to escape liability for assisting in unconstitutional activity simply because a different governmental body was the instigator of the illegal conduct. Thus, we reject the arguments by the police chief and the City of Montgomery that they should not be liable for any attorney's fees.

■ We agree, however, with their arguments that they should not be jointly and severally liable for the fees in this case. While the City and its police chief are responsible for the participation of Corporal Brock in the task force, they were not in fact the prime instigators of the effort, and they seemed (based on the current record) to have little involvement with the retaliation undertaken by District Attorney Evans. Evans made all of the decisions, presided at the two meetings, made the threats to the retailers, and instigated grand jury proceedings, all without consultation with the City or its police chief. Given the facts of this case, we think that some form of apportionment of fees is appropriate.

The issue of apportionment of fees is an "unsettled" area of the law, in this and other circuits. *See Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 959 (1st Cir.1984). No panel of this court has directly confronted facts similar to those now before us, and no panel has approved or discussed the broad use of apportionment of fees. In one case, our predecessor court required the apportionment of fees between multiple tort feasors against multiple victims where the tort feasors were held not to be jointly and severally liable. *See Dean v. Gladney,* 621 F.2d 1331, 1340 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). In approving the apportionment of fees in this case, we will not set out strict rules to be followed on remand or in other cases, but instead will attempt to describe broader considerations to guide the district court.

At the outset, we want to make clear that fees must not always, or even usually, be apportioned. In cases where two or more defendants actively participated in a constitutional violation, it will frequently be appropriate to hold all defendants jointly and severally liable for the attorney's fees. In cases such as the one now before the court, however, it may be appropriate for a district court to apportion fees between the active instigator of a wrong and a more passive co-defendant who had a more peripheral or ministerial role in the wrong.

■ In addition to having discretion on when to apportion fees, district courts also have wide discretion on *how* to divide liability for fees. There are many possible methods and theories with which to apportion fees. *See generally Grendel's Den,* 749 F.2d at 959–60; Dobbs, *Awarding Attorney Fees Against Adversaries: Introducing the Problem,* 1986 Duke L.J. 435, 460–61. Most simply, in cases with roughly equal wrongdoers in which the court does not want to impose joint and several liability for attorney's fees, the fees can be divided equally among the defendants. *See Dunten v. Kibler,* 518 F.Supp. 1146, 1159 (N.D.Ga.1981). Fees can be divided accord-

ing to relative culpability of the various defendants. *See Jose P. v. Ambach,* 669 F.2d 865, 871 (2d Cir.1982); *Mendoza v. Blum,* 602 F.Supp. 200, 203–04 (S.D.N.Y. 1985); *Walker v. Heckler,* 588 F.Supp. 819, 832 (S.D.N.Y.1984). A court may decide to award fees in the same proportions as a jury assessed actual damages. *See Strama v. Peterson,* 561 F.Supp. 997, 1001 (N.D. Ill.1983). It may be more appropriate for fees to be apportioned according to the amount of time spent by the plaintiff in preparing the case against each defendant. *See Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1125–26 (9th Cir. 1981). A specific defendant could be charged with the added fees incurred because of the defendant's participation in the defense of the case. *See Akron Center for Reproductive Health v. City of Akron,* 604 F.Supp. 1275, 1294 (N.D. Ohio 1985); *Vulcan Society of Westchester County v. Fire Department of White Plains,* 533 F.Supp. 1054, 1061 (S.D.N.Y. 1982). When one defendant is solely or largely responsible for a single claim within a litigation, a court may hold that defendant liable for fees related to that claim. *See Vulcan Society,* 533 F.Supp. at 1064. Finally, a district court may decide that it is appropriate to combine two or more of these methods, depending on the facts and nature of the case. *See Vulcan Society.* For instance, on remand in this case, the district court should consider awarding fees on the retaliation claim only against Evans and Kotouc, and dividing liability for fees on the prior restraint claim among all the defendants according to their legal or factual responsibility for the unconstitutional conduct.

▮ The initial decisions of whether and how to apportion fees, however, is best done by the district court, and thus a remand is appropriate in this case. *See Bibb v. Montgomery County Jail Officials,* 622 F.2d 116, 117 (5th Cir.1980). We realize that a number of the methods for apportionment discussed above only lead to approximations of the "best" division of fees,

and that certain methods may be inappropriate in some cases because of the difficulty in calculating even a good approximation. Nevertheless, in apportioning attorney's fees, "district courts should make every effort to achieve the most fair and sensible solution that is possible." *Grendel's Den,* 749 F.2d at 960. We do not mean to encourage a complex mini-litigation on attorney's fees. Instead, we ask the district court to make the best possible assessment consistent with both efficiency and fairness.

For the reasons discussed in this opinion, we AFFIRM the judgment of the district court on the prior restraint and retaliation issues, and VACATE the district court's order on attorney's fees and REMAND the case to the district court for further proceedings on that issue.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.