**T.R. COLEMAN, et al., Plaintiffs,**

v.

**CANNON OIL COMPANY,**
**et al., Defendants.**

**No. 90–T–414–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Nov. 3, 1995.

C.H. Espy, Jr., Dothan, AL, for Sheffield Oil.

Ezra B. Jones, III, Atlanta, GA, for Davis & Harp Oil Co. and Herndon Oil Co.

Marsha Rydberg, Rydberg, Goldstein & Bolves, P.A., Tampa, FL, for Sunshine–Jr. Stores.

T.E. Buntin, Jr., Dothan, AL, and Thomas S. Lawson, James N. Walter, Montgomery, AL, for defts Cannon Oil & Vernon Cannon.

Charles Stewart, Montgomery, AL, for deft. Sunshine Jr. Food Stores.

J. Riley Davis, Tallahassee, FL, for deft. Sunshine Jr. Food Stores.

Rodney Parrish, pro se.

### ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiffs, who are individual gasoline consumers, brought this class-action lawsuit charging that defendants, who are retail sellers of gasoline, violated federal antitrust laws by conspiring to fix gasoline prices in Dothan, Alabama. Plaintiffs are: T.R. Coleman; Bernard J. Petit; and R.L. and Lucy Middleton. Defendants include: Rodney Parrish; Cannon Oil Company; Thomas Shirley and his company, Home Oil Company; and James Sheffield and his company, Sheffield Oil Company. Plaintiffs sought damages and injunctive relief under § 1 of the Sherman Act, 15 U.S.C.A. § 1 (West Supp.1995), and § 4 and § 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26 (West Supp.1995). Plaintiffs properly invoked the court's jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1337 (West 1993). After a month-long trial, a jury found that defendants had engaged in illegal price fixing but awarded only nominal damages of one dollar. Also, based upon the jury's findings, the court entered an injunction against defendants.

This lawsuit is again before the court, this time on plaintiffs' motions for award of attorney's fees and expenses in the amount of $4,698,913.44 from defendants.[1] For the rea-

Edward M. Price, Jr., Rufus R. Smith, Jr., Dothan, AL, L. Andrew Hollis, Jr., Jeffrey C. Kirby, Birmingham, AL, Kenneth Millwood, Aaron Watson, Scott Tippett, John Latham, Sylvia Kochler, Valerie Verduce, Edward C. Brewer, Atlanta, GA, for plaintiffs.

W. Terry Travis, Dennis Pierson, George L. Beck, Jr., Montgomery, AL, for deft. Southeastern Oil, A.W. Herndon Oil Co. McGee Oil, A.W. Herdon Co.

Joseph Mays, Jr., David Hymer, Cada Carter, Birmingham, AL, for deft. Home Oil & Thomas Shirley.

Charles L. Robinson, David Proctor, Birmingham, AL, for deft. Graceville Oil Co.

---

1. The court has included only those fees sought by plaintiffs in their current fee petition filed on

sons given below, the court concludes that plaintiffs may recover $2,035,658.00 in attorney's fees. The issue of plaintiffs' expenses will be addressed in a later, separate order.

## I. BACKGROUND

Plaintiffs filed this lawsuit on April 19, 1990, charging several persons and their businesses with conspiring to fix the retail price of gasoline in Dothan, Alabama. The original defendants consisted of the following: Sunshine–Jr. Stores; Rodney Parrish; Vernon Cannon and his company, Cannon Oil Company; Thomas Shirley and his company, Home Oil Company; and James Sheffield and his company, Sheffield Oil Company; Southeastern Oil Company, Inc.; Davis & Harp Oil Company, Inc.; Herndon Oil Company, Inc.; Beard Oil Company; A.W. Herndon and his company, A.W. Herndon Oil Company, Inc.; McGee Oil; and Graceville Oil Company, Inc. The court certified a plaintiff class for "damages" consisting of "all individuals and entities who made retail purchases of gasoline from the defendants in the Houston County, Alabama area since April 15, 1986."[2] The court dismissed Beard Oil Company[3] and entered summary judgment in favor of Southeastern Oil Company, Davis & Harp Oil Company, Herndon Oil Company, and McGee Oil Company.[4] The plaintiffs settled their claims against Graceville Oil Company[5] and against A.W. Herndon and his company, A.W. Herndon Oil Company.[6] Vernon Cannon died after this lawsuit was filed, and the executrix of his estate replaced him as a defendant.[7] For ease of discussion,

however, the court will continue to refer to Vernon Cannon as a defendant.

This case went to trial as to the remaining defendants: Sunshine–Jr. Stores, Rodney Parrish, Vernon Cannon and Cannon Oil Company, Thomas Shirley and Home Oil Company, and James Sheffield and Sheffield Oil Company. A jury found that these defendants had engaged in illegal price fixing and that they should pay nominal damages of one dollar. The court set aside the jury's verdict as to Sunshine–Jr. Stores, and entered an injunction, to expire on November 19, 1996, prohibiting all remaining defendants, except Vernon Cannon, "from agreeing, directly or indirectly, to fix the retail price of gasoline in Dothan, Houston County, Alabama."[8] The court later supplemented this injunction to require these defendants to do the following: to deliver a copy of this order to all of their current and future officers and employees engaged in the retail sale of gasoline in Dothan, Alabama; to adopt written personnel policies and procedures to help assure that each defendant and its employees engaged in the retail sale of gasoline in Dothan do not engage in price fixing in the future; and to conduct a training session to educate its officers and employees about the Sherman Act's prohibition on price fixing.[9] Plaintiffs also recovered $85,112.44 in court costs.[10]

Plaintiffs now seek $4,698,913.44 in attorney's fees and additional expenses from all remaining defendants except Vernon Cannon.[11] Because plaintiffs' submissions con-

February 11, 1994, and in their brief filed on February 22, 1994. Should the plaintiffs prevail on appeal, the court will then consider all additional requested fees and expenses.

**2.** *Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 519 (M.D.Ala.1992). The court, however, denied plaintiffs' request to certify a plaintiff class with regard to "injunctive relief." *Id.*

**3.** Order of March 4, 1993.

**4.** Order of January 30, 1992.

**5.** Order of June 17, 1992.

**6.** Order of April 20, 1993.

**7.** First, Vernon Cannon's widow, Metha Jean Cannon, replaced him as a defendant in her

capacity as executrix of his estate, and later, Pamela C. Weathers replaced Cannon's widow as a defendant in her capacity as executrix of his estate.

**8.** *Coleman v. Cannon Oil Co.*, 849 F.Supp. 1458, 1473 (M.D.Ala.1993).

**9.** Order of November 2, 1995.

**10.** Orders of January 20, 1994, and December 6, 1993.

**11.** Plaintiffs' brief filed on February 22, 1994, at 20. Plaintiffs also sought to recover attorney's fees and expenses from the executrix of Vernon Cannon's estate, but by orders entered on November 2, 1995, and January 30, 1992, the court held that they could not.

tain several arithmetical but, relatively speaking, minor errors, it is impossible to state how they arrived at this precise figure. It is nevertheless still possible to calculate the total fees which they should receive.

## II. DISCUSSION

Sections 4 and 16 of the Clayton Act provide for the recovery of reasonable attorney's fees to prevailing litigants. Section 4 provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws ... shall recover ... the cost of suit, including a reasonable attorney's fee." 15 U.S.C.A. § 15 (West Supp.1995). And § 16 provides that, "In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." 15 U.S.C.A. § 26 (West Supp.1995).

■ The "starting point" in setting an attorney's fee is to determine the "lodestar" figure—that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *Accord Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. After

calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986);[12] *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940.

In making the above determinations, the court is guided by the twelve factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974). *See Delaware Valley*, 478 U.S. at 564, 106 S.Ct. at 3097–98; *Norman*, 836 F.2d at 1293.[13] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the clients; and (12) awards in similar cases.

### A. Reasonable Hours

Plaintiffs' counsel have requested compensation for a total of 9,447.6 hours, as follows:

| ATTORNEYS | HOURS |
| --- | --- |
| Eugene A. Beatty | 220.8 |
| Ed C. Brewer, III | 1151.6 |
| Albert A. Chapar | 276.3 |
| B. Shane Clanton | 82.6 |
| James H. Davis | 61.5 |
| L. Andrew Hollis, Jr. | 1659.9[14] |

**12.** In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**13.** It is presumed that most or all of the *Johnson* factors will be subsumed in the calculation of the lodestar. *Norman*, 836 F.2d at 1299; *see also Hensley*, 461 U.S. at 439 n. 9, 103 S.Ct. at 1940 n. 9.

**14.** There is some confusion about Hollis's number of hours. In their brief filed on February 22, 1994, at 21, plaintiffs stated that he had 1,669.3 hours. In their brief filed on March 4, 1994, at 4 n. 4, Shirley and Home Oil Company stated that he had only 1660.3 hours. And in their brief filed on April 4, 1994, at 20, plaintiffs stated that he had 1659.9 hours. The court has used this last, lowest figure.

The court adds that none of the figures—1,669.3, 1660.3, or 1659.9—explains how plaintiffs arrived at a "corrected" total of $494,645.00 for the entire Hollis firm, as reflected in plain-

| ATTORNEYS | HOURS |
|---|---|
| Ernest H. Hornsby | 55.8 |
| Kevin H. Hudson | 511.8 |
| Jeffrey C. Kirby | 195.4 |
| Sylvia K. Kochler | 246.7 |
| Archie C. Lamb, Jr. | 17.0 |
| John L. Latham | 1985.8 |
| Kenneth L. Millwood | 639.8 |
| Beth M. Myler | 128.9 |
| Edward M. Price, Jr. | 151.5 |
| Rufus R. Smith, Jr. | 1615.7 |
| Brian G. Smooke | 188.3 |
| Aaron Watson | 251.2 |
| Joel W. Weatherford | 7.0 |

Each attorney has submitted itemized documentation of the time he or she has devoted to this case. The court has considered two *Johnson* factors—the novelty and difficulty of the case, and the amount involved and the result obtained—in assessing the reasonableness of the hours claimed.

There can be no question that this case presented extremely complex and difficult legal and factual issues. The case took a month to try and consisted of extensive expert testimony, documentary evidence, and anecdotal testimony. It posed sensitive and complex legal questions of how law and public policy are to work within the context of antitrust law. *See Coleman v. Cannon Oil Co.,* 849 F.Supp. 1458, 1473 (M.D.Ala.1993) (upholding jury verdict as to all defendants except Sunshine–Jr. Stores and imposing injunctive relief as to all remaining defendants except Vernon Cannon). There can also be no question that defendants mounted an aggressive and formidable defense.

■ Nevertheless, plaintiffs prevailed greatly. First, as this court has previously noted, "the defendants—that is, Cannon, Parrish, Shirley, and Sheffield and their employees—ceased their illegal price-fixing activity only after this lawsuit was filed. It was this litigation alone that brought an end to their illegal conduct." *Coleman,* 849 F.Supp. at 1471. Second, plaintiffs secured an injunction "prohibit[ing] defendants from 'agreeing, directly or indirectly, to fix the retail price of gasoline in Dothan, Houston County, Alabama' ... [and] requir[ing] that defendants take affirmative steps to undo their price-fixing conspiracy." *Id.* at 1473.

And the fact that plaintiffs recovered only nominal damages does not detract from the enormity and importance of their victory. "That a defendant's illegal price-fixing activity may not in the past have resulted in unreasonable prices and may not even result in the future in unreasonable prices does not mean that the public does not need protection. The injury to the public is merely in the individual acquiring 'The power to fix prices.' *[United States v.] Trenton Potteries Co.,* 273 U.S. [392,] 397, 47 S.Ct. [377,] 379, 71 L.Ed. 700 [ (1927) ]. It does not matter whether that power is 'reasonably exercised or not.' *Id.*" *Coleman,* 849 F.Supp. at 1472.

The court has conducted a detailed and independent review of the hours claimed and is satisfied that all of the hours were necessary and directly related to the successful pursuit of plaintiffs' antitrust claim in this litigation and that none of the hours is "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 1939–40. Plaintiffs' attorneys may therefore recover for all of the hours claimed.

### B. Prevailing Market Rate

■ "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. To determine the prevailing market rate, the court will consider the following *Johnson* factors: customary fee; skills required to perform the legal services properly; the experience, reputation, and ability of the attorneys;

tiffs' brief filed on February 22, 1994, at 18. However, as stated earlier, despite these arith-

metical mysteries, the court has still been able to arrive at a reasonable total fee.

time limitations; preclusion of other employment; undesirability of the case; nature and length of the professional relationship with the clients; and awards in similar cases. Plaintiffs' attorneys seek the following hourly rates for themselves:

| ATTORNEYS | RATE |
|---|---|
| Eugene A. Beatty | $150 |
| Ed C. Brewer, III | 170 |
| Albert A. Chapar | 115 |
| B. Shane Clanton | 115 |
| James H. Davis | 115 |
| L. Andrew Hollis, Jr. | 275 |
| Ernest H. Hornsby | 150 |
| Kevin H. Hudson | 115 |
| Jeffrey C. Kirby | 150 |
| Sylvia K. Kochler | 200 |
| Archie C. Lamb, Jr. | 115 |
| John L. Latham | 215 |
| Kenneth L. Millwood | 225 |
| Beth M. Myler | 115 |
| Edward M. Price, Jr. | 150 |
| Rufus R. Smith, Jr. | 275 |
| Brian G. Smooke | 115 |
| Aaron Watson | 115 |
| Joel W. Weatherford | 100 |

*Customary Fee:* The evidence reflects that the customary fee range for attorneys in complex litigation in Alabama, depending on each attorney's experience, reputation, and ability, is approximately $100 to $400 an hour.

*Skill Required to Perform the Services Properly:* This litigation has from beginning to end posed a difficult and demanding task. A lawyer skilled in, or capable of quickly learning about, the complex and rapidly changing law of antitrust law was thus required. A lawyer already skilled in the area could demand a higher rate because he or she would be more knowledgeable and could work more efficiently.

Of the 19 lawyers who participated in this case on behalf of plaintiffs, only three had had prior antitrust experience and that was limited. Although this absence of broad and lengthy experience in antitrust law weighs in favor of lower fee rates for plaintiffs' attorneys, the evidence reflects that plaintiffs' attorneys were highly competent and otherwise well experienced to various degrees, and they worked very efficiently.

*Experience, Reputation, and Ability of the Attorney:* All of plaintiffs' attorneys are experienced and highly competent attorneys. Indeed, defendants Shirley and Home Oil Company conceded that "the reputations of plaintiffs' attorneys . . . are, by all accounts, excellent." [15]

*Time Limitations:* Where there has been "[p]riority work that delays the lawyer's other work," this factor requires "some premium." *Johnson,* 488 F.2d at 718. The court is not convinced that this factor was significant in this litigation.

*Preclusion of Other Employment:* This factor "involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson,* 488 F.2d at 718. The court is not convinced that this factor has played a significant role in this litigation.

*Undesirability of the Case:* It does not appear that this case was undesirable.

*Nature and Length of Relationship with Client:* There is no evidence of a prior pro-

---

**15.** Shirley and Home Oil Company' brief filed on March 3, 1994, at 13.

fessional relationship between plaintiffs and their attorneys.

*Awards in Similar Cases:* Courts have awarded non-contingent fees in the range of $100 to $290 an hour in other complex cases. *See, e.g., Lee v. Randolph County Bd. of Educ.,* 885 F.Supp. 1526, 1532 (M.D.Ala. 1995); *James v. City of Montgomery,* No. 94–T–264–N, 1995 WL 271138 at *4 (M.D.Ala. Apr. 19, 1995); *Medders v. Autauga County Bd. of Educ.,* 858 F.Supp. 1118, 1129 (M.D.Ala.1994); *Knight v. State of Alabama,* 824 F.Supp. 1022 (N.D.Ala.1993); *Wyatt v. King,* no. 3195–N, 1991 WL 640065 (M.D.Ala. Dec. 17, 1991), *aff'd,* 985 F.2d 579 (11th Cir.1993) (table); *Robinson v. Alabama State Dept. of Educ.,* 727 F.Supp. 1422, 1428 (M.D.Ala.1989), *aff'd,* 918 F.2d 183 (11th Cir. 1990) (table); *Hidle v. Geneva County Bd. of Educ.,* 681 F.Supp. 752, 756–758 (M.D.Ala. 1988).

The court is of the opinion, based on these criteria, that the prevailing current rates for non-contingent work performed by attorneys of similar experience in similar cases are as follows for plaintiffs' attorneys: [16]

| ATTORNEYS | RATE |
| --- | --- |
| Eugene A. Beatty | $140 |
| Ed C. Brewer, III | 160 |
| Albert A. Chapar | 115 |
| B. Shane Clanton | 115 |
| James H. Davis | 115 |
| L. Andrew Hollis, Jr. | 215 |
| Ernest H. Hornsby | 150 |
| Kevin H. Hudson | 115 |
| Jeffrey C. Kirby | 150 |
| Sylvia K. Kochler | 190 |
| Archie C. Lamb, Jr. | 115 |
| John L. Latham | 200 |
| Kenneth L. Millwood | 200 |
| Beth M. Myler | 115 |
| Edward M. Price, Jr. | 150 |
| Rufus R. Smith, Jr. | 215 |
| Brian G. Smooke | 115 |
| Aaron Watson | 115 |
| Joel W. Weatherford | 100 |

These rates reflect the varying experience and abilities of the attorneys.

## C. Lodestar Calculation

The unadjusted lodestar consists, as stated, of the product of compensable hours multiplied by the prevailing market rate. The lodestar fees for those who worked on behalf of the plaintiffs are as follows:

| ATTORNEYS | HOURS | RATE | AMOUNT |
| --- | --- | --- | --- |
| Eugene A. Beatty | 220.8 | $140 | $ 30,912.00 |
| Ed C. Brewer, III | 1151.6 | 160 | 184,256.00 |
| Albert A. Chapar | 276.3 | 115 | 31,774.50 |
| B. Shane Clanton | 82.6 | 115 | 9,499.00 |
| James H. Davis | 61.5 | 115 | 7,072.50 |
| L. Andrew Hollis, Jr. | 1659.9 | 215 | 356,878.50 |
| Ernest H. Hornsby | 55.8 | 150 | 8,370.00 |
| Kevin H. Hudson | 511.8 | 115 | 58,857.00 |
| Jeffrey C. Kirby | 195.4 | 150 | 29,310.00 |

16. By establishing the appropriate market rate on the basis of current rates, the court is also compensating plaintiffs for the delay in payment. *See Missouri v. Jenkins,* 491 U.S. 274, 283–84, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989); *Norman,* 836 F.2d at 1302.

| ATTORNEYS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Sylvia K. Kochler | 246.7 | 190 | 46,873.00 |
| Archie C. Lamb, Jr. | 17.0 | 115 | 1,955.00 |
| John L. Latham | 1985.8 | 200 | 397,160.00 |
| Kenneth L. Millwood | 639.8 | 200 | 127,960.00 |
| Beth M. Myler | 128.9 | 115 | 14,823.50 |
| Edward M. Price, Jr. | 151.5 | 150 | 22,725.00 |
| Rufus R. Smith, Jr. | 1615.7 | 215 | 347,375.50 |
| Brian G. Smooke | 188.3 | 115 | 21,654.50 |
| Aaron Watson | 251.2 | 115 | 28,888.00 |
| Joel W. Weatherford | 7.0 | 100 | 700.00 |
| TOTAL | | | $1,727,044.00 |

---

### D. Paralegals

▇ Plaintiffs also seek to recover for the work of paralegals, as follows:

| | Hours | Rate | Amount |
|---|---|---|---|
| Anne G. Alford | 33.90 | $ 70 | $ 2,373.00 |
| Diane Bellew | 16.00 | 50 | 800.00 |
| Beth Cherry | 6.30 | 50 | 315.00 |
| Constance Cole | 35.33 | 50 | 1,766.50 |
| Arthur Davis | 82.20 | 50 | 4,110.00 |
| Laura Hull | 71.00 | 50 | 3,550.00 |
| Helen L. Sloat | 1205.10 | 70 | 84,357.00 |
| Myra Staggs | 1368.05 | 50 | 68,402.50 |
| Karen L. Taylor | 2042.00 | 70 | 142,940.00 |
| TOTAL | | | $308,614.00[17] |

---

The court is convinced, and so finds, that their services were necessary and appropriate and that the hours and rates claimed are reasonable. *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982).[18]

### E. Adjustment

▇ Plaintiffs contend that they are entitled to a 100% upward enhancement because of "The significance of the result obtained in the case and the quality of the work required to obtain that result." [19] The court believes that, in this case, plaintiffs' success is already adequately reflected in the application of the above *Johnson* factors. An upward adjustment is not warranted.

▇ Defendants Shirley and Home Oil Company contend that the fee should be reduced by 50 to 75% because the results of the litigation were limited.[20] As previously stated, plaintiffs prevailed greatly in this litigation. A downward adjustment is not warranted either.

17. In their brief filed on February 22, 1994, at 20, plaintiffs incorrectly total these numbers to equal $308,616.50. The amount for Arthur Davis should be $4,110.00 rather than $4,112.50. In their brief filed on April 4, 1994, at 18, plaintiffs give the correct total.

18. In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit.

19. Plaintiffs' brief filed on February 22, 1994, at 2.

20. Shirley and Home Oil Company's brief filed on March 3, 1994, at 33–42.

### F. Expenses

Plaintiffs also request an award of $424,-136.94 for certain out-of-pocket expenses: $12,964.00 for an investigator and $411,172.94 for other "uncompensated expenses."[21] The court reserves reaching the issue of expenses at this time. The matter will be addressed in a later, separate order.

### III. CONCLUSION

Plaintiffs are entitled to recover a total sum of $2,035,658.00 in attorney's fees: $1,727,044.00 for attorney's fees and $308,-614.00 for paralegal fees. Defendants Shirley and Home Oil Company contend that the total fee award should be apportioned among defendants.[22] The court cannot agree. Here all defendants actively and substantially participated in the antitrust violation. *See Council for Periodical Distributors Ass'ns v. Evans,* 827 F.2d 1483, 1487 (11th Cir.1987) ("In cases where two or more defendants actively participated in a constitutional violation, it will frequently be appropriate to hold all defendants jointly and severally liable for the attorney's fees").

For the foregoing reason, it is ORDERED that plaintiffs' petition to amend judgment to add attorney's fees and expenses, filed on May 29, 1992, their joint fee petitions, filed on June 5, 1992, and February 11, 1994, and their supplements filed on later occasions, are granted to the extent that plaintiffs shall have and recover from defendants Rodney Parrish, Cannon Oil Company, Thomas Shirley, Home Oil Company, James Sheffield, and Sheffield Oil Company the sum of $2,035,658.00 in attorney's fees.

It is further ORDERED that the issue of plaintiffs' expenses will be addressed in a later, separate order.

---

**21.** Plaintiffs' brief filed on February 22, 1994, at 20.

**22.** Shirley and Home Oil Company's brief filed on March 3, 1994, at 48–49.