[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2006
THOMAS K. KAHN
CLERK

No. 06-10836
_____

D. C. Docket No. 98-01348-CV-BBM-1

UNITED STATES, Ex. Rel.,

                                        Plaintiff,


BRIDGETTE BECK JACOBS,

                                        Plaintiff-
                                        Counter Defendant-
                                        Appellant,

                        versus


PATROL SERVICES INC., et al.,

                                        Defendants,

ANDREW W. BRYAN,
MICHELLE D. BRYAN,

                                        Defendants-
                                        Counter Claimants-
                                        Cross Defendants-
                                        Appellees,

DOMINIUM MANAGEMENT CORPORATION,

> Defendant-
> Cross Claimant-
> Cross Defendant-
> Appellee,

ATLANTA HOUSING AUTHORITY,

> Defendant-
> Cross Defendant-
> Cross Claimant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 19, 2006)**

Before BLACK and HULL, Circuit Judges and CONWAY,[*] District Judge.

PER CURIAM:

---

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Plaintiff-Appellants Bridgette-Beck-Jacobs, (Relator), and Bothwell and Simpson, P.C. (B&S) (collectively, Plaintiffs), challenge, for the second time, the district court's computation of their attorneys' fees under the *qui tam* provisions of the False Claims Act (the FCA), 31 U.S.C. § 3730(d)(1)(2006). The first appeal occurred on February 22, 2005 and resulted in a partial reversal and remand for recalculation of attorney's fees. Appellants assert the district court erred in its recalculation and have appealed.

The FCA permits a relator "reasonable attorney's fees and costs." 31 U.S.C. § 3730(d)(1) (2006). The district court calculates attorney's fees under the lodestar formula, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 103 S. Ct. 1933, 1939 (1983); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley*). The district court may adjust the amount depending on a number of factors, including the quality of the result and representation of the litigation. *Norman*, 836 F.2d at 1302.

Upon a thorough review of the record and careful consideration of the parties' briefs and oral arguments, we have determined one of Appellants' arguments has merit. We therefore affirm but remand for an entry of an order in

favor of Appellants, which includes the additional amount of $24,238.70 against Dominium, $28,722.86 against Andrew Bryan, and $7,635.19 against Michelle Bryan, plus interest and costs.

## I. BACKGROUND

On May 12, 1998, Relator filed this *qui tam* action against Defendant-Appellees Dominium Management Georgia Company and Dominium Management Services, (collectively, Dominium), Patrol Services Inc. (PSI), the Housing Authority of the City of Atlanta (AHA), and Andrew and Michelle Bryan (the Bryans), for violations of the FCA.  The Relator, a former employee of PSI, alleged defendants defrauded the Department of Housing and Urban Development and the Environmental Protection Agency by submitting false invoices for security services at various federally subsidized housing projects.

On December 29, 2000, the United States intervened in the claims against PSI, Dominium, and the Bryans, but did not intervene in the claims against AHA. On July 18, 2003, the district court granted in part and denied in part the parties' respective motions for summary judgment.  After which, the parties reached a series of settlement agreements.  AHA paid the United States $100,000.00, of which the Relator received 30%, and AHA paid the Relator $390,000.00 in attorney's fees.  The district court then dismissed the claims against AHA.

4

Dominium paid the Untied States $300,000.00, and the United States paid the Relator 25% of the amount.  Dominium did not reach an agreement with the Relator as to her claim for attorney's fees.  The Bryans, who were insolvent, consented to judgments in the amount of $300,000.00 against Andrew Bryan and $80,000.00 against Michelle Bryan.  The Bryans did not consent to judgments on their liability for attorney's fees.

After the settlements, Plaintiffs filed their petition for attorney's fees and costs, requesting $468,282.94 from the Bryans and Dominium.  The district court issued an order granting attorney's fees in the following amounts: $16,472.83 against Dominium; $41,332.00 against Andrew Bryan; and $11,021.86 against Michelle Bryan.

In reaching the final award, the district court made a number of adjustments to the fee request.  In particular, the district court first added $390,000.00 in attorney's fees paid by AHA in its settlement with Plaintiffs, for a total of $858,282.94.  Next, the district court made certain deductions, not challenged on appeal, to arrive at a subtotal of $846,284.00.  Third, the district applied an in-gross deduction of 25% for "vague entries and non-delegated tasks," reducing the subtotal to $634,713.00.  The district court then apportioned the subtotal among the defendants according to their culpability in the false claims action: 16 2/3 % to

5

AHA, 33 1/3 % to Dominium, and 50% to the Bryans. After the allocation, the district court made specific deductions to AHA's share, compared the resulting amount to the amount AHA paid in settlement, and declared the difference an overpayment of $289,547.25, which it credited to the Bryans and Dominium in proportion to their relative fault.[1] Finally, the district court made a number of specific deductions to the individual parties' shares for unjustified litigation expenses. As to the Bryans, the district court further deducted the contingency fee it estimated B&S would receive by virtue of its agreement with the Relator.

On its first appeal, Plaintiffs argued the district court erred by (1) reducing fees in gross by 25%; (2) disallowing specific fees; (3) reducing the fee award against the Bryans by the amount of any contingency fee agreement; (4) apportioning fees based on each defendant's percentage of culpability; and (5) reducing the fee award Plaintiffs received in their settlement with AHA.

This Court held (1) the district court had authority and did not abuse its discretion in making an in gross reduction of 25% given the voluminous and vague fee documents; (2) the district court also had wide discretion to cut unnecessary and excessive fees; (3) the district court's consideration of the

_____

[1] The relative culpability between Dominium and the Bryans is 40% to Dominium and 60% to the Bryans.

separate contingency fee agreement was in error; (4) the district court had discretion to apportion fees by degree of fault; and (5) the district court's consideration of the prior settlement with AHA was in error because it undermined the policy favoring settlements. *United States v. Patrol Services, Inc.*, No. 06-10836 at 7 (11th Cir. 2005). In passing, this Court cautioned the district court to make allocations fairly and to avoid large allocations to parties who lack the ability to pay. *Id.* at 11.

On remand, the district court recalculated the fee award. It started with $495,444.00 as the base amount reported by Plaintiffs against Dominium and the Bryans. The district court deducted certain fees, made the same 25% in gross reduction and added the appellate fees assessed on the first appeal of $16,050.00, ending with a subtotal of $379,630.50. It then apportioned the fees to the remaining parties according to the same degree of culpability, 33 1/3% to Dominium and 50% to the Bryans. Finally, it made specific adjustments to each party to derive its final award, $40,554.85 in fees, and $7,523.89 in costs against Dominium and $181,851.00 in fees and 11,286.97 in costs against the Bryans. In what appears to be an error in calculation, the district court did not allocate 16 2/3% of the fees, the percentage of AHA's relative fault, to the remaining parties.

## II. DISCUSSION

On their second appeal, Plaintiffs make several new arguments. First, they argue the district court erred by allocating a portion of the attorney's fees award to AHA or not awarding them at all. Second, they challenge the district court's allocation methods, because they believe it shifts too much of the fees to the Bryans, who lack the ability to pay. Finally, Plaintiffs argue the district court erred in making a number of the specific deductions, because their settlement with AHA included those amounts. We will address these arguments in turn.

We review a district court's order awarding attorney's fees for abuse of discretion. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). "An abuse of discretion occurs if the judge fails to apply the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997) (internal citation and quotations omitted).

A.    Allocation to AHA

Appellants first challenge the district court's allocation of fees by relative fault on remand, because it failed to allocate 16 2/3% of the fees. This is the amount the district court calculated as AHA's fault in the fraud. The district

court's failure to allocate AHA's portion resulted in an alleged underpayment of $60,596.75.

Appellee argues the very issue of allocation by degrees of culpability was litigated already, and this Court cannot revisit it on a subsequent appeal. *See Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 169 (11th Cir. 1994) (binding courts of appeal to the law of the case doctrine). Appellant, however, is not challenging the culpability percentages themselves, but the logic in allocating a portion of the fees to a defendant who has settled and cannot be liable for any award. Therefore, we will consider this issue on the present appeal.

District courts are given wide discretion in determining the attorney's fees award "because the need for uniformity is not great enough to warrant appellate review of minutia and the desirability of avoiding a second major litigation is high." *Hensely*, 103 S. Ct. at 1941.

In the first appeal, we reversed the district court because it considered the prior settlement with AHA. Its consideration, which declared an overpayment and credited the other defendants, undermined the policy favoring settlements. Courts should avoid rulings creating "perverse incentives that discourage useful settlements and encourage protracted litigation." *United States v. Aisenberg*, 358 F.3d 1327, 1343 (11th Cir. 2004). We believe consideration of the AHA

9

settlement undermined this policy because it second-guessed settlement figures and provided an incentive to protract litigation. We ordered the district court to not consider the settlement on remand.

On remand, the district court still apportioned 16 2/3 % of the fee award to AHA. Making this allocation still offends the policy favoring settlements. In multi-party litigation, there will be a disincentive to be the first party to settle, because the other parties who wait will have their awards reduced by the settling party's degree of culpability. Even though the district court has wide discretion, it must not make awards discouraging settlements. Based on our review of the record, we have determined the district court probably made a clerical error in not recalculating the relative fault between the Bryans and Dominium, because, as noted above, it had calculated the relative fault between the Bryans and Dominium when making its first award.

While normally we would remand to the district court for recalculation because "[t]he initial decisions of whether and how to apportion fees . . . is best done by the district court," the district court already has made those initial decisions. In this case, based on the district court's allocation scheme, the amount

allocated to AHA should be reallocated to Dominium and the Bryans based on the degree of relative culpability between them.[2]

B.      Method of Allocation

Next, Appellants argue the district court's method of allocating fees is in error because it is not the most fair and sensible solution. In addition, they argue the allocation method offends our previous opinion, because we cautioned the district court to avoid "large discretionary allocations to insolvent defendants." Moreover, Appellants contend such an allocation may defeat the policy underlying the FCA. On remand, the district court, aware of our instructions, "extensively reviewed the record of these proceedings in allocating fees, and remain[ed] unpersuaded that it must (or even should) depart from the relative culpability determinations" made in its original order.

In particular, Appellants object to the method of allocating fees by fault, then making specific deductions to individual parties. In this case, Appellants argue, it results in a shift of too much of the fees to the Bryans who lack the ability to pay.

As noted above, district courts have wide discretion in making a fee award. *Hensley*, 461 S. Ct. at 1941. In particular, district courts have discretion as to

_____

[2] For the actual allocations to each party, see note 1, supra.

11

when to apportion fees and "how to divide liability." *Council for Periodical Distrib. Ass'ns v. Evans*, 827 F.2d 1483, 1487–88 (11th Cir. 1987). In apportioning attorney's fees, district courts should try "to achieve the most fair and sensible solution as possible." *Id.*

Although there is not one method available to achieve a fair and sensible solution, there are some generally-accepted guideposts to inform the district court's discretion. The district court ought to consider the purpose of the attorney fee statute under which the plaintiff brings its petition. *See Herbst v. Ryan*, 90 F.3d 1300, 1304–05 (7th Cir. 1996). The district court should also consider whether the injury is divisible, to determine whether it should apportion fees equally among defendants, joint and severally, or by some other method. *Evans*, 827 F.2d at 1487. For instance, it may be appropriate to apportion fees between an active instigator and a more passive co-defendant. *Id.* at 1487–88. The district court should finally consider institutional concerns, such as any federal policies an award may offend. *Herbst*, 90 F.3d at 1304.

There are various approaches a district court may use to achieve a fair result. For instance, one approach is to apportion attorney's fees in accord with each defendant's relative degree of culpability or in the same proportions as the jury assessed damages. *Evans*, 827 F.2d at 1487–88. Alternatively, the district

12

court may apportion fees based on the amount of time spent by a plaintiff in preparing the case against each defendant. *Id.* When one defendant is solely responsible for a claim or a defense, the district court may hold that defendant liable for fees related to that claim. If one approach will not achieve a fair result, the district court may combine two or more of the methods depending on the facts and nature of the case. *Id.*

In the present case, the district court determined an allocation based on fault was appropriate, because the Bryans were the active participants in the fraud, while the other defendants were passive. The district court reviewed the record, took the fairness issue into account, and made what it thought was the most fair award of attorney's fees to the Appellants. Such a decision was within the district court's discretion. For instance, the district court found Dominium did not instigate, plan or benefit from the fraud and should not pay more in legal fees than the Bryans who were more culpable parties. The district court took that factor and balanced it against the fairness of shifting fees to the Bryans, who were insolvent. It balanced these factors in light of the purposes of the FCA and believed its award was fair.

These considerations are best done in the district court. *See Evans*, 827 F.2d at 1488. In this case, the district court balanced the correct factors, and even

13

if we hypothetically disagree with how they are balanced, such a disagreement does not amount to an abuse of discretion. Therefore, we affirm the district court's method of allocation by relative degree of fault and then making specific deductions.

C.     Specific Deductions

Lastly, Appellants argue some of the specific deductions should not be allowed because AHA paid all or part of those amounts in its settlement and, therefore, they were not included in the amount Appellants submitted to the district court as the Bryans' and Dominium's total liability. Appellants contend the district court compounded the problem by not identifying which hours it deducted. This prevented Appellants from properly objecting.

Generally, the fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rate." *Norman*, 836 F.2d at 1303. If the district court disallows hours, "it must explain which hours are disallowed and show why an award of these hours would be improper." *Id.* at 1304. When district courts face inadequate fee applications or claims for hours or fee rates which seem excessive, the district court may base its award on its own experience. *Id.* The district court does not need to hold an evidentiary hearing, the fee just needs to be reasonable. *Id.*

Appellants first contend the district court abused its discretion in deducting $3,528.75 from Dominium's liability for fees relating to a June 28, 2002, motion to compel; $49,650.00 from Dominium's liability for the April 12, 2002, discovery motion; and $15,097.50 from Dominium's liability for reply briefs filed on January 27, 2003. In particular, they argue AHA has already paid a portion of these fees, because Dominium did not object to the entire amounts of the deductions. The district court responded, "Bothwell and Simpson, however, has not demonstrated that these fees were in fact paid by the AHA, and the court's review of the record does not persuade it to depart from its earlier holding with respect to these fees."

As stated above, Appellants bear the burden of establishing entitlement to the fee, and, here, they have failed to meet this burden. They submitted vague and voluminous fee records, which were inadequate and led to the 25% in gross reduction. The same reasoning applies equally here. Even though the district court should have identified the exact hours, Appellants' submission was inadequate. Identifying the motions and the amounts it deducted, in this case, was sufficient to identify the hours it was deducting. As shown above, such action is firmly within the district court's discretion. For these reasons, we affirm the

15

district court's deductions of $3,528.75, $49,650.00, and $15,097.50 from Dominium's share.

Next, Appellants argue the district court abused its discretion by disallowing fees generated by paralegal Kathie Barrett, because Appellants only inadvertently left Ms. Barrett's qualifications out of the affidavit in support of fees.

As stated above, the fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rate. *Norman*, 836 F.2d at 1303. Here, Appellants included Ms. Barrett in the request for fees, stating she had extensive experience in database management; however, Appellants provided no details about Ms. Barrett's experience. The district court concluded, even though it could use its own expertise, it lacked the requisite knowledge to determine a reasonable hourly rate for Ms. Barrett. Therefore, it deducted her fees. Appellants asked the district court to give the rate of a paralegal with no experience. While within its discretion to do so, the district court is given wide discretion on when to use its expertise. Here, the Appellants had the burden to prove entitlement to the fees and failed to meet it. Therefore, we affirm the district court's deduction of Ms. Barrett's paralegal fees.

Lastly, Appellants argue the district court abused its discretion by deducting $301.95 in costs relating to the depositions of Denise Phillips and Dean Clark. In its previous order, the district court deducted $5,412.00 from the amount allocable to all defendants because it found the depositions of Ms. Phillips and Mr. Clark to be unnecessary. On remand, the district court found the fees, not the costs, associated with the depositions were assessed against AHA, and the district court did not deduct the fees. It did find, however, Appellants charged Dominium and the Bryans with $402.60 in costs. It, therefore, deducted $301.95 or 75% of the original amount. Here, again, the Appellants failed to meet their burden of proving entitlement to the fee, as the district court found only the fees and not the costs were assessed against AHA. Therefore, we affirm the district court's deduction of $301.95 for costs associated with the depositions of Ms. Phillips and Mr. Clark.

### III. CONCLUSION

For the reasons discussed in this opinion, we AFFIRM the district court's award but REMAND the case for an entry of an amended judgment. On remand, the district court shall amend the judgment and award Appellants a total amount of $72,317.44 (plus additional interest and costs) against Dominium, representing the district court's original amount ($48.078.74) of fees and costs plus Dominium's

share ($24,238.70) of the 16 2/3% of the fees not awarded; $181,301.86 (plus additional interest and costs) against Andrew Bryan, representing the district court's original award ($152,579.00) of fees and costs plus his share ($28,722.86) of the 16 2/3% of the fees not awarded; and $48,194.16 (plus additional interest and costs) against Michelle Bryan, representing the district court's original award ($40,558.97) of fees and costs plus her share ($7,635.19) of the 16 2/3% of the fees not awarded.

Appellant shall have 20 days to file a motion for appellate fees arising solely out of this instant second appeal. Appellees shall have 20 days to respond. Any motion for fees shall be promptly submitted to this panel.

**AFFIRMED AND REMANDED**.